IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KATHY RUESCHMAN,

           Plaintiff,

    v.

AMERICAN UNITED LIFE INSURANCE
CO. and DISABILITY REINSURANCE
MANAGEMENT SERVICES, INC.,

           Defendants.

ORDER

11-cv-241-wmc

      The court is receipt of Plaintiff's Motion to Permit Her to Testify at Trial by Live Videoconferencing. (Dkt. #49.)  Given plaintiff's representation that she is unable to participate in her own trial unless held within one hour of her home in Ohio, the court is compelled to reconsider its order denying defendants' motion to transfer venue under § 1404(a).  (Dkt. #31)

      Plaintiff Kathy Rueschman's motion to participate and testify at trial by videoconference is unusual in a number of respects.  As an initial matter, plaintiff affirmatively chose the Western District of Wisconsin to file this suit to recover disability benefits under an employee benefit plan governed by E.R.I.S.A. despite the fact that neither she nor defendants have any meaningful contacts with this district specific to this litigation.  Indeed, defendant American United Life is the only party with sufficient continuous and systematic contacts to exercise personal jurisdiction over it in this district, and then only because it markets, sells and administers other, unrelated benefit

plans here.  In contrast, Rueschman, her employer and her treating physicians were in Ohio and the plan was administered in Maine.

Moreover, plaintiff opposed defendants' motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer venue to the United States District Court for the Northern District of Ohio, arguing that Madison was an appropriate location for a trial of this dispute and that she was entitled to decide for herself whether Madison was inconvenient for her. (Plt.'s Br. in Opp. (dkt. #15) 5.) Nevertheless, she now represents that her fibromyalgia renders her "unable to travel by car for more than 60 minutes at a time and is then required to rest 30-60 minutes before continuing to travel" and that "based on [her] prior efforts to push beyond her physical limits in traveling, she expects that she would be laid-up in bed for several days if she were to travel . . . from her home to Milwaukee or Madison."  Third, plaintiff's entire case rests on the extent of her claimed incapacity from fibromyalgia.  Given that plaintiff now seeks a trial *de novo*, the court's finding on that subject will depend on assessing her credibility at least in substantial part.

Because plaintiff provides neither medical documentation of her travel restrictions, nor points to any such evidence in the administrative record, the court has no way to determine whether Rueschman's inability to travel preceded her choice to file this case in Wisconsin or to oppose defendants' motion to transfer.  If either, the court would consider the withholding of this information misleading and a disservice to justice, if not violating counsel's duty of candor to this court.  Regardless, if the court had been aware of these travel restrictions, it would certainly have granted defendants' motion to transfer

2

pursuant to 28 U.S.C. § 1404(a). Rueschman's inability to be present at her own trial in Wisconsin represents a substantial disadvantage to defendants, particularly when her credibility is a central issue in the parties' dispute.

Accordingly, the court now finds that the "interests of justice" component of the § 1404(a) transfer analysis weighs in favor of transfer. (Order (dkt. # 31) 13.) In addition, now that it is apparent that this case will not proceed on the review of an administrative record under an arbitrary and capricious standard (as seemed likely at the time of its original consideration of defendants' transfer motion), the court finds that the Northern District of Ohio is also a substantially more convenient venue, because plaintiff and most of the medical witnesses reside there. In light of Rueschman's unequivocal representation to the court that she is unable "to travel by plane or car from her home to Milwaukee or Madison for trial," the court will reconsider its previous order and grant defendants' motion to transfer this case to the United States District Court for the Northern District of Ohio.

ORDER

IT IS ORDERED that this matter is transferred to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a).

Entered this 10th day of August, 2012.

BY THE COURT:

   /s/
WILLIAM M. CONLEY
District Judge

3